IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH DUANE KEUTER, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-109 |
| | ) | |
| SIM DAVIDSON; AMY ROYAL; TIM | ) | |
| VAUGHN; BRIANNA STANLEY; TERRY | ) | |
| MOON; C. MICHAEL JOHNSON; ZACH | ) | |
| ROTHWELL; UNKNOWN GEORGIA DOC | ) | |
| OFFICERS; UNKNOWN TELFAIR | ) | |
| COUNTY JAIL OFFICERS; ANTHONY | ) | |
| WHITE; MS. SHAW; UNKNOWN COFFEE | ) | |
| COUNTY JAIL OFFICERS; UNKNOWN | ) | |
| TELFAIR COUNTY SHERIFF DEPUTIES; | ) | |
| TELFAIR COUNTY, GEORGIA; | ) | |
| UNKNOWN GEORGIA DEPARTMENT | ) | |
| OF CORRECTIONS INVESTIGATOR #1; | ) | |
| and UNKNOWN GEORGIA | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| INVESTIGATOR #2, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Coffee County Jail in Douglas, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Telfair County. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      **SCREENING THE COMPLAINT**

A.      **BACKGROUND**

In his amended complaint, Plaintiff names as Defendants:  (1) Sim Davidson, (2) Terry Moon, (3) Tim Vaughn, (4) Brianna Stanley, (5) Amy Royal, (6) C. Michael Johnson, (7) Zach Rothwell, (8) Unknown Georgia Department of Corrections Investigator #1, and (9) Unknown Georgia Department of Corrections Investigator #2.  (Doc. no. 6, pp. 2-5.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 22, 2023, Defendant Rothwell, Defendant Unknown Georgia Department of Corrections Investigator #1, Defendant Unknown Georgia Department of Corrections Investigator #2, and three other agents arrived at Plaintiff's residence in North Augusta, South Carolina "under the guise" they had received information that someone from Atlanta was on their way to Plaintiff's residence to kill him.  (Id. at 6, 8.)  The agents had assault rifles and forced Plaintiff and his elderly aunt to stay outside the home while they searched Plaintiff's residence and seized various items.  (Id. at 8.)  None of the items seized were illegal to own and included loose leaf tobacco, new cell phones, various sports cards, and more.  (Id. at 9.)  The agents did not leave a receipt for any of the seized items.  (Id.)  Defendants Rothwell, Unknown Georgia Department of Corrections ("DOC") Investigator #1, Unknown Georgia DOC Investigator #2, and the other agents did not have a warrant to search Plaintiff's residence.  (Id. at 8.)

On April 25, 2025, Plaintiff discovered "a special presentation bench warrant" had been issued in Georgia for his arrest, and he turned himself in to the Edgefield County Sheriff's Department in South Carolina the next day.  (Id. at 9.)  Defendants Unknown Georgia DOC

Investigators #1 and #2 picked Plaintiff up under the Interstate Agreement of Detainers on May 1, 2025, and informed Plaintiff they were two of the agents who had been part of the search of Plaintiff's North Augusta residence in 2023.  (Id.)

Plaintiff was supposed to have a bond hearing before Defendant Judge Johnson on May 14, 2025.  (Id.)  However, Defendant Johnson told Plaintiff they could not hold the bond hearing until Plaintiff obtained a conflict lawyer, and thus "his hands were tied."  (Id.) Defendant Johnson continued the hearing until June 25, 2025.  (Id.)  However, on June 25, 2025, Plaintiff discovered he was not listed on the court calendar and did not have a future hearing date scheduled, even though he had filed multiple motions requesting bond.  (Id.)

On or about July 22, 2025, Defendants Sheriff Davidson, Assistant District Attorney Stanley, District Attorney Vaughn, and Judge Johnson discussed that Plaintiff's state criminal case would bankrupt the county.  (Id.)  Accordingly, Defendant Stanley suggested letting the defendants in Plaintiff's state indictment sit in jail until they decided to "plea out."  (Id.)  Judge Johnson said, "if he had known what Plaintiff's indictment really was, he never would have signed it."  (Id.)

Between May 14, 2025, and August 5, 2025, Plaintiff submitted fourteen grievances asking for legal resources and discussing other issues while detained at Telfair County Jail. (Id. at 10.)  However, SSG Spires and Cpt. Moody threatened to move Plaintiff "elsewhere" and lose him in the system if he did not stop submitting grievances.  (Id.)  Then, on August 5, 2025, Cpt. Moody transferred Plaintiff to Coffee County Jail and falsely claimed the transfer was because Plaintiff was a "discipline problem."  (Id.)  Plaintiff also noticed he had legal mail sitting on Cpt. Moody's desk, but he never received this legal mail after being sent to Coffee County Jail.  (Id.)

On November 4, 2025, Defendant Judge Johnson denied twenty-three of Plaintiff's motions in a "blanket order," including Plaintiff's "Motion to Impeach Judge to Compel Judge to Enter a Ruling on Motion to Suppress for Constitutional Violations," "Motion to Impeach Judge to Compel Judge to Enter a Ruling on Motion to Demand for Speedy Trial," "Motion to Impeach Judge to Compel Judge to Enter a Ruling on Motion to Enter Order of Dismissal Per Interstate Agreement on Detainers," "Motion to Impeach Judge to Compel Judge to Enter Rulings on Multiple Motions for Bond," "Motion to Impeach Judge to Compel Judge to Enter a Ruling on Motion for Production Order for Out-of-Time Dismissal of Pending Charges, Accusation, or Indictment 25-R-127 MJ," and "Motion to Impeach Judge to Compel Judge to Enter a Ruling on Motion to Dismiss for Due Process, Right to Speedy Trial." (Id. at 10-11; see also id. at 16-19.)

Additionally, the state court has ignored the Interstate Agreement of Detainers, which requires trial to be commenced within 120 days of an individual's arrival in the receiving state, otherwise the charges should be dismissed. (Id. at 11.) Plaintiff has been detained in Georgia, the receiving state, for over 240 days. (Id.)

Because of the above-described events, Plaintiff has PTSD. (Id. at 8.) He has been prescribed medication for his condition, but the jail has not given it to him, in turn exacerbating his nightmares, despair, and insomnia. (Id.) Further, Plaintiff has suffered other harm through the foreclosure of his home and the loss of various evidence to aid his defense. (Id.) For relief, Plaintiff seeks monetary damages and a preliminary and permanent injunction dismissing the charges against him. (Id. at 8.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Plaintiff Fails to State a Claim Against Defendants Anthony White, Ms. Shaw, Unknown Georgia DOC Officers, Unknown Telfair County Jail Officers, Unknown Coffee County Jail Officers, Unknown Telfair County Sheriff Deputies, and Telfair County**

The amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). While Plaintiff named Defendants White, Shaw, Unknown Georgia DOC Officers, Unknown Telfair County Jail Officers, Unknown Coffee County Jail Officers, Unknown Telfair County Sheriff Deputies, and Telfair County in the original complaint, (doc. no. 1, pp. 1, 2), he does not name these Defendants in the caption or any portion of his amended complaint,[1] (see generally doc. no. 6). Accordingly, Plaintiff does not connect these Defendants with a purported constitutional violation. Dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

---

[1] In his amended complaint, Plaintiff alleges several of his claims occurred at various locations in Telfair County. (Doc. no. 6, pp. 9-11.) However, he does not allege any claims against Telfair County. (See id.)

### 3.     Plaintiff Fails to State a Claim Against Defendants Royal and Moon

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas, 535 F.3d at 1321-22 ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Here, Plaintiff names Defendant Royal in the caption of his amended complaint, but he does not mention her anywhere in the statement of his claim nor does he make any allegations associating her with any purported constitutional violations.  (See generally doc. no. 6.)  The only other reference to Defendant Royal in the amended complaint is in the state court order appended as Exhibit 2.  (Id. at 16.)  Specifically, the state court order has Defendant Royal's signature stamped to the first page, which shows the order was filed in the Clerk's Office in Telfair County Superior Court  (Id.)  However, this cursory reference is insufficient because it fails to connect Defendant Royal to any act or omission associated with a legal wrong.  Thus, dismissal of Defendant Royal is appropriate.  See Douglas, 535 F.3d at 1321-22.

Furthermore, while Plaintiff names Defendant Moon in the caption of his amended complaint, Plaintiff does not mention him anywhere in the statement of his claim nor does he make any allegations associating this Defendant with any purported constitutional violations.  (See generally doc. no. 6.)  Notably, Plaintiff alleges facts about a Cpt. Terry Moody in the amended complaint's statement of claim, (id. at 10-11), but he never mentions a Cpt. Terry Moon, (see generally id.).  Plaintiff named Defendant Moon as a defendant in two separate places in the amended complaint, (id. at 2, 3), yet he wrote Cpt. Moody's name in the statement of claim four separate times, (id. at 10).  Moreover, although no longer operative, Plaintiff's original complaint

7

likewise names Defendant Cpt. Moon as a defendant but solely alleges facts about a Cpt. Moody, not Moon, (see doc. no. 1, pp. 1, 2, 4), further supporting that this distinction in the amended complaint was not a misnomer or other typographical error by Plaintiff.  Therefore, even though these individuals' names are very similar, the Court concludes they are not same person. Accordingly, because Defendant Moon is not mentioned anywhere in Plaintiff's statement of claim, he should be dismissed.

Additionally, to the extent Plaintiff names Defendant Moon because of his supervisory position as Captain at Telfair County Jail, he fails to state a claim against him.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendant Moon liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff merely provides Defendants Moon is a Captain at Telfair County Jail. (Doc. no. 6, pp. 3, 7.)  However, he does not allege this Defendant participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between Defendant Moon and the asserted constitutional violations in order to hold him liable.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"  Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendant Moon liable.  Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of detainees at Telfair County Jail, (2) an improper custom or policy put in place by Defendant Moon regarding treatment of detainees, or (3) an inference this Defendant directed jail employees to act, or knew they would act, unlawfully.  Although Plaintiff states he filed fourteen

9

grievances about "continuous rights violations" over a roughly three-month period, this allegation is insufficient to establish a history of widespread abuse because it focuses on the conditions he personally faced, not those of detainees generally at Telfair County Jail. (Doc. no. 6, p. 10.) Thus, he does not establish Defendant Moon was on notice of historic, widespread abuse at the jail, yet failed to correct these alleged deprivations. Indeed, as already explained above, Plaintiff does not mention Defendant Moon in his statement of the claim. In sum, Plaintiff has not shown Defendant Moon actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Moon for this reason as well.

Accordingly, Defendants Royal and Moon should be dismissed for the above-described reasons.

### 4.    Defendant Judge Johnson is Immune from Plaintiff's Claims for Monetary Damages

Plaintiff's claims for monetary damages against Defendant Judge Johnson are barred by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Johnson, as the presider over Plaintiff's criminal proceedings, was dealing with

Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction.  See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Johnson acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges.  Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table).  Here, Plaintiff only alleges Judge Johnson improperly denied several of his motions and would not set him down for a bond hearing after his initially scheduled bond hearing was continued.  (See generally doc. no. 6.)  Thus, Plaintiff provides no details to suggest Judge Johnson took any actions that were not of the type normally performed by judges.  Accordingly, Plaintiff fails to state a valid claim for relief against Judge Johnson for monetary damages.

Moreover, to the extent Plaintiff alleges any claims against Judge Johnson that fall outside the type of actions normally performed by judges based on his role in a purported conspiracy to deny bond to his co-defendants, the Court addresses such allegations in Section I.B.6 *infra* and concludes they are barred by Younger abstention.

### 5.    Plaintiff Has No Claims Against Defendants Stanley and Vaughn

Plaintiff's claims against Defendant District Attorney Vaughn and Defendant Assistant District Attorney Stanley are subject to dismissal because their role as prosecutors entitles them to immunity.  "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'"  Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as

11

advocates." <u>Rehberg</u>, 566 U.S. at 363. "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." <u>Rivera v. Leal</u>, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); <u>see also</u> <u>Kassa v. Fulton Cnty., Ga.</u>, 40 F. 4th 1289, 1293-94 (11th Cir. 2022) (analyzing prosecutorial immunity in fact-specific inquiry considering, among other fact-specific reasons, recall of material witness warrant did not "require[] . . . exercise of professional judgment or legal skill").

As Plaintiff's claims against Defendants Vaughn and Stanley rest entirely on their actions taken as prosecutors, particularly their discussions and legal decisions about the strategy for prosecuting Plaintiff's state criminal case, Plaintiff fails to state a valid § 1983 claim against them. But even if they were not immune, Plaintiff's claims against Defendants Vaughn and Stanley should be dismissed under principles of <u>Younger</u> abstention as discussed in Section I.B.6 *infra*.

> **6.     Plaintiff's Claims Against Defendants Rothwell, Unknown Georgia DOC Investigator #1, Unknown Georgia DOC Investigator #2, Davidson, Vaughn, Stanley, and Johnson Are Due to be Dismissed Under the <u>Younger</u> Doctrine**

Furthermore, dismissal of Plaintiff's claims against Defendants Rothwell, Unknown Georgia DOC Investigator #1, Unknown Georgia DOC Investigator #2,[2] Davidson, Vaughn, Stanley, and Johnson is warranted under the <u>Younger</u> abstention doctrine because the criminal case resulting from the warrantless search and seizure about which Plaintiff complains remains pending in Telfair County, Georgia Superior Court. Investigations, charging decisions, and

---

[2] The Court assumes *arguendo* that Plaintiff has adequately identified Defendants Unknown Georgia DOC Investigators #1 and #2 by providing their heights, weights, races, and other physical descriptions, as well as their role in the search of Plaintiff's residence and later arrest, such that the exception to the rule against fictitious-party pleading applies. (Doc. no. 6, pp. 8, 9); <u>see Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010).

decisions to admit evidence during state criminal proceedings belong to state authorities. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (*per curiam*) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records confirm what the amended complaint implies, i.e., state criminal proceedings are ongoing.[3] Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting such offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff has not established the state proceedings would fail to provide an adequate

---

[3] See Telfair County Superior Court Docket, available at http://www.telfairclerkofcourt.com/search/mainpage.aspx (follow "Criminal Search" hyperlink; search for "Keuter, Joseph Duane"; and open 25-R-127F MJ) (last visited Mar. 10, 2026); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

remedy for his federal claim.  See 31 Foster Children, 329 F.3d at 1279.  For example, Plaintiff can raise, and indeed has raised, in the state trial courts his complaints regarding the warrantless search and seizures.  See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) ("The policy of equitable restraint expressed in Younger . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); see also O.C.G.A. § 17-5-30(a)(1) ("A defendant aggrieved by an unlawful search and seizure may move the court . . . to suppress as evidence anything so obtained on the grounds that[] [t]he search and seizure without a warrant was illegal[.]").  Although he complains about delays in receiving hearings and rulings on his motions, Plaintiff has not established the state proceedings are unavailable to him or otherwise inadequate.  Indeed, he has ultimately received rulings on his motions. (Doc. no. 6, pp. 16-19.)  That he is not satisfied with the result does not mean the state proceedings fail to provide an adequate remedy for his claims.  Further, publicly available records show Plaintiff's case was recently set for a hearing on February 17, 2026, and he has an upcoming bond hearing on April 8, 2026.[4]  Thus, Plaintiff has not satisfied his burden of showing the state proceedings do not provide an adequate remedy for his federal claims.

For these reasons, the Court should abstain from considering Plaintiff's claims about the warrantless search of his residence and his ongoing criminal prosecution under the Younger doctrine, and such claims should be dismissed without prejudice.  See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (per curiam) (affirming sua sponte dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam)

---

[4]     See    Telfair    County    Superior    Court    Docket,    available    at http://www.telfairclerkofcourt.com/search/mainpage.aspx (follow "Criminal Search" hyperlink; search for "Keuter, Joseph Duane"; and open 25-R-127F MJ) (last visited Mar. 10, 2026).

(noting "[a] dismissal pursuant to the <u>Younger</u> doctrine is without prejudice and does not preclude later re-filing of the complaint").

### 7.   Plaintiff's Official Capacity Monetary Claims

Plaintiff sues all Defendants in their official capacities.[5]  (Doc. no. 6, pp. 2-5.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] He also sues Defendants Johnson, Rothwell, Georgia DOC Investigator #1, and Georgia DOC Investigator #2 in their individual capacities.  (Doc. no. 6, p. 4.)